## CIRCUIT COURT OF PITTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Stephen Andrew Law

January 5, 1994

BY JUDGE ROBERT P. VINES

This case was heard on January 5, 1994, on the defendant's motion for judicial recusal. The defendant is charged with perjury. He argues that the judge who heard his case of illegal manufacture of alcoholic beverages should disqualify himself because, subsequent to his conviction, the judge denied his request for work release. The defendant contends that after hearing testimony as to where he would be employed, at the hearing on his motion for work release, post-conviction, the judge commented concerning his place of proposed employment "that is what he was doing when he was caught making liquor."

The defendant contends that this statement made in denying the motion for work release indicates prejudice that warrants recusal in the trial for perjury.

In *Welsh v. Commonwealth*, 14 Va. App. 300 (1992), the Court stated:

> In Virginia, whether a trial judge should recuse himself or herself is measured by whether he or she harbors "such bias or prejudice or would deny the defendant a fair trial," *Justus v. Commonwealth*, 222 Va. 667, 673, 283 S.E.2d 905, 908, *cert. denied*, 445 U.S. 983 (1982), and is a matter left to the reasonable discretion of the trial court. *Id.*; *Terrell v. Commonwealth*, 12 Va. App. 285, 293, 403 S.E.2d 387, 391 (1991).

In this case, the court's comment made after the conviction for manufacturing illegal whiskey does not appear in retrospect to consti-

tute bias or prejudice against the defendant. It merely recites a reason for denying work release.

There is no evidence presented in support of the motion to suggest that it constitutes bias or prejudice with respect to the forthcoming perjury trial in which the defendant has requested a jury.

To grant recusal in this case would suggest that a judge should recuse in any prosecution where the defendant has been previously convicted before the same judge. The law does not require recusal in such cases or in this particular instance. Accordingly, the motion to recuse is denied.